

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00069-CV

IN RE: THE COMMITMENT OF BENJAMIN ANDREW COLE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. SP-00070, Honorable Robert Brotherton, Presiding

July 22, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury found appellant, Benjamin Andrew Cole, to be a "sexually violent predator" under chapter 841 of the Health and Safety Code, the Texas Civil Commitment of Sexually Violent Predators Act. Based on that finding, the trial court entered an order of commitment and final judgment directing him to be committed to a residential facility for sex offender treatment and supervision upon release from prison. By two issues, Cole argued that: 1) the evidence was legally insufficient to support a finding that he suffered

---

[1] This case was transferred to this court from the Second Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

from a behavioral abnormality making him likely to engage in a predatory act of sexual violence; and 2) the trial court erred when it refused to instruct the jury to presume that Cole was not a sexually violent predator. We affirm.

### Background

In 2022, Cole was convicted of two counts of indecency with a child by contact and incarcerated. Prior to his discharge date, the State petitioned to civilly commit him to a treatment facility as a sexually violent predator. Trial was held during which Cole and a forensic psychiatrist, Dr. Christine Reed, testified. At the conclusion of the trial, the jury found Cole to be a sexually violent predator.

### Issue One—Sufficiency of the Evidence

In Cole's first issue, he argues the evidence was insufficient to support the jury's verdict. This is allegedly so because the State failed to prove he suffered from a personality disorder (such an antisociality) or was dangerous. We overrule the issue.

The applicable standard of review is set forth in *In re Commitment of Stoddard*, 619 S.W.3d 665 (Tex. 2020). We apply it here.

Addressing the matter of a personality disorder, such as antisociality, we turn to *In re Commitment of Acevedo*, No. 07-24-00076-CV, 2024 Tex. App. LEXIS 7873 (Tex. App.—Amarillo Nov. 6, 2024, pet. denied) (mem. op.). There, we said that the relevant statute permitted commitment upon proof "that 1) the person is a 'repeat sexually violent offender' who 2) 'suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.'" *Id.* at *3 (quoting TEX. HEALTH & SAFETY CODE § 841.003(a)). Furthermore, the behavioral abnormality referred to consists of a condition (congenital or acquired) that predisposes sexually violent conduct. *Id.* at *3-4.

2

In other words, the required condition is the predisposition to such sexually violent conduct. *Id.* And, it must be of the ilk that renders the individual a menace to the health and safety of others. *Id.* So, as long as a behavioral abnormality (i.e., an acquired or congenital predisposition to sexually violent behavior that makes the person a menace to others) is established, there is no need to prove the existence of a personality disorder or antisociality.

And, contrary to Cole's assertion, our holding in *In re Acevedo* does not render the Sexually Violent Predators Act unconstitutionally vague. Assuming arguendo that Cole preserved the complaint, he mistakenly reads *Acevedo* as permitting commitment based on "***any*** condition." (Emphasis in original). We described the requisite condition as one that predisposes the person to sexually violent behavior making him or her a menace to the safety and health of others; not just "any" condition suffices. Furthermore, our Supreme Court found the definition of behavioral abnormality (from which we derived our analysis in *Acevedo*) sufficient to survive constitutional attack on vagueness grounds. *In re Commitment of Fisher*, 164 S.W.3d 637, 655-56 (Tex. 2005).

As for evidence satisfying the requisite elements, we turn to Reed's testimony. She evaluated Cole. Doing so included her utilization of various psychological instruments, consideration of his past sexually related conduct and criminal activities, and a personal interview of him. They led her to opine that he had a predisposition to commit predatory acts of sexual violence, i.e., that he suffered from a behavioral abnormality. This was based on, among other things, 1) Cole's past inappropriate sexual behavior and criminal offenses of a sexual nature, 2) his persistent reoffending, even after negative consequences and punishment, 3) his deviance in targeting young or underage girls, 4)

3

his grooming of them, 5) the severity and repetitive nature of his conduct, 6) his unwillingness to take responsibility for his actions, and 7) his opting to participate in a prison apprenticeship rather than a sex offender treatment program. This type of sexual deviance does not resolve on its own, she continued. She also said:

> So big picture for [Cole] is, he is somebody that functions well on the surface. He does keep a job, all those kind of things that we talked about that look positive. However, he has these sexually deviant thoughts and fantasies that he has repeatedly engaged in, both when he was a young man and in his mid 30s, and those have resulted in sexual offenses. Even the offenses around 2017, there was quite a number of girls that he was in contact with, that he was seeking out and having these conversations with, many of which were underage or several of which were underage.

> So it's his sexual deviance and his willingness to act on those sexual thoughts and fantasies and now not taking responsibility and not having a good plan for how he's going to prevent it from happening again.

Jurors also were told of an earlier examination by another psychologist. That individual too opined that Cole suffered from a behavioral abnormality. The latter coupled with the foregoing evidence permitted a rational factfinder to conclude, beyond reasonable doubt, that Cole was a repeat sexually violent offender who suffered from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. So, contrary to his contentions, the evidence is legally sufficient to support the jury's verdict and trial court's judgment adjudicating him a sexually violent predator.

### *Issue Two—Jury Instruction*

Via his second issue, Cole argues the trial court erred in denying him a particular jury instruction. He sought the submission of the following:

> Respondent, Benjamin Andrew Cole, is presumed not to be a sexually violent predator. No person may be determined to be a sexually violent predator unless the State proves each element in its cause of action beyond a reasonable doubt. The fact that Respondent has been alleged to be a

4

sexually violent predator by the State of Texas gives rise to no inference of him being a sexual violent predator at his trial.

Denying the request purportedly constituted harmful error. We overrule the issue.

Simply put, we and our sister intermediate courts have rejected the proposition that a trial court abuses its discretion if it fails to submit instructions directing the factfinder to presume the accused's innocence as a sexually violent predator until the State proves otherwise. *In re Pearson*, No. 07-23-00208-CV, 2023 Tex. App. LEXIS 8844, at *3-4 (Tex. App.—Amarillo, Nov. 28, 2023, no pet.) (mem. op.); *In re Commitment of Shield*, No. 02-24-00497-CV, 2025 Tex. App. LEXIS 3058, at *4-6 (Tex. App.—Fort Worth May 1, 2025, pet. filed) (mem. op.); *In re Commitment of Jarvis*, No. 01-23-00555-CV, 2025 Tex. App. LEXIS 1104, at *4-5 (Tex. App.—Houston [1st Dist.] Feb. 25, 2025, no pet.) (mem. op.). And like the instructions in those cases, the only question asked of the jury here iterated the State's burden of proof . . . "Do you find ***beyond a reasonable doubt*** that BENJAMIN ANDREW COLE is a sexually violent predator?" (Emphasis added). Through that wording, the jurors were told, implicitly if not explicitly, of the State's burden and the State's need to satisfy it before Cole could be found a sexually violent predator. That is all the law required of the trial court in these cases.

Having overruled each of Cole's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

5